IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELIPE FIGUEROA,**<br>　　　　　　**Petitioner,**<br><br>　　　　v.<br><br>**MICHAEL WENEROWICZ,**<br>**Superintendent State Correctional**<br>**Institution at Graterford,**<br>**THE DISTRICT ATTORNEY OF THE**<br>**COURT OF PHILADELPHIA,**<br>**THE ATTORNEY GENERAL OF THE**<br>**STATE OF PENNSYLVANIA,**<br>　　　　　　**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 14-7330** |

# O R D E R

**AND NOW**, this 1st day of April, 2016, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Felipe Figueroa, the record in this case, the Report and Recommendation of United States Magistrate Judge M. Faith Angell dated December 29, 2015, and Petitioner's Objections to the Report and Recommendation of the Honorable M. Faith Angell, **IT IS ORDERED** as follows:

　　　1.　　The Report and Recommendation of United States Magistrate Judge M. Faith Angell dated December 29, 2015, is **APPROVED** and **ADOPTED**;

　　　2.　　Petitioner's Objections to the Report and Recommendation of the Honorable M. Faith Angell, are **OVERRULED**;

　　　3.　　The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Felipe Figueroa, is **DENIED** and **DISMISSED** without an evidentiary hearing;

　　　4.　　A certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural rulings with respect to petitioner's claims.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

The Court has approved and adopted the Report and Recommendation of United States Magistrate Judge M. Faith Angell ("R&R").  It writes at this time to address the issues raised in Petitioner's Objections to the Report and Recommendation of the Honorable M. Faith Angell ("Objections") – that the Magistrate Judge erred in concluding that petitioner's Eighth Amendment claim was unexhausted and procedurally defaulted.

A *habeas* petitioner must have "exhausted the remedies available in the courts of the State" for all Constitutional claims before a federal court shall have *habeas corpus* jurisdiction. *See* 28 U.S.C. § 2254; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  To exhaust all remedies under 28 U.S.C. § 2254 a *habeas* petitioner must give state courts a full and fair opportunity to resolve all federal Constitutional claims.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  An unexhausted claim becomes procedurally defaulted when a petitioner has no additional state remedies available.  *See Wenger v. Frank*, 266 F.3d 218, 223-224 (3d Cir. 2001), *cert. denied* 535 U.S. 957 (2002).

Petitioner raises three claims for *habeas* relief in the pending Petition, as follows:

1. The trial court violated his Eighth Amendment rights in imposing a sentence of 69 to 138 years of incarceration;

2. His Fourteenth Amendment right to due process was violated because his guilty pleas were entered involuntarily, unknowingly, and unintelligently; and,

3. His Sixth Amendment rights were violated by the ineffectiveness of plea counsel.

In the R&R, the Magistrate Judge concluded that petitioner's third claim which argues ineffectiveness of plea counsel was considered and rejected by the Pennsylvania Superior Court and was therefore exhausted.  The Magistrate Judge also determined that petitioner's remaining claims – the Eighth Amendment claim based on imposition of a sentence of 69 to 138 years and

the Fourteenth Amendment claim challenging the voluntariness of his guilty pleas – were unexhausted.  Only the Eighth Amendment claim is presented in petitioner's Objections.

Procedural default may be excused when a petitioner demonstrates either good cause for failure to present the claim and actual prejudice resulting from such failure, or that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749 (1991).  Cause for procedural default exists if the petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is shown by demonstrating that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Petitioner did not advance any argument or present any evidence of cause and prejudice or miscarriage of justice before the Magistrate Judge.  In an effort to excuse that failure petitioner states in his Objections that the Magistrate Judge "did not Order the Petitioner to reply during the litigation."  The short answer to that argument is that it is irrelevant.  It is petitioner's obligation to argue and present evidence of cause and prejudice where, as in this case, claims are procedurally defaulted.

Petitioner's obligation to present all evidence to the magistrate judge is made abundantly clear by Local Civil Rule 72.1(IV)(c).  That Rule provides that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."); *Clark v. Fisher*, No. 10-204, 2011 WL 6000795, at *2 (W.D. Pa. Nov. 30, 2011).  In any event petitioner's belated argument on cause and prejudice provides no factual or legal support for his position.

3

Petitioner states in the Objections "good cause … is axiomatic" because the Magistrate Judge found petitioner's third claim – ineffective assistance of plea counsel – had been exhausted in the state courts and preserved for habeas review.  He then goes on to argue in the Objections that the default of his Eighth Amendment claim should be excused because his appellate counsel was ineffective for failing to raise that claim on direct appeal.  Significantly, the Magistrate Judge made no finding as to the preservation of an ineffectiveness claim against appellate counsel because petitioner never raised that argument in his *habeas* Petition.  To the contrary, the Magistrate Judge found that petitioner had successfully preserved his ineffectiveness claim against his plea counsel, a claim that the Magistrate Judge recommended be denied.  The fact that plea counsel and appellate counsel were the same is of no legal significance.

In the alternative petitioner argues that failure to excuse default would result in a "fundamental miscarriage of justice."  The Court rejects this argument.  A fundamental miscarriage of justice sufficient to excuse a procedural default requires a showing that petitioner is "actually innocent" by presentation of new evidence.  Petitioner has presented no such evidence in this case and, indeed, petitioner admits in the Objections that he ". . . is guilty of the crimes for which he pled and was sentenced.  The petitioner cannot make any assertion of actual innocence for the underlying factual basis of his convictions."

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

   **DuBOIS, JAN E., J.**